UNITED STATES DISTRICT COURT
COMMONWEALTH OF MASSACHUSETTS

|  |  |
|---|---|
| TOWN OF WRENTHAM,<br>　　　Plaintiff/Defendant-In-Counterclaim<br><br>v.<br><br>MATTHEW McEVOY and LEAH McEVOY,<br>　　　Defendants/Plaintiffs-In-Counterclaim<br><br>v.<br><br>JOHN ZIZZA,<br>　　　Third-Party Defendant | **05　10042　DPW**<br><br>C.A. No.:<br>RECEIPT #_____<br>AMOUNT $_____ 150.00<br>SUMMONS ISSUED___ N/A<br>LOCAL RULE 4.1_____<br>WAIVER FORM_____<br>MCF ISSUED_____<br>BY DPTY. CLK._____<br>DATE_____ 1/7/05 |

## NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §1441(a)
## BY THIRD-PARTY DEFENDANT JOHN ZIZZA

MAGISTRATE JUDGE____ _____

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS:

　　Petitioner, John Zizza, respectfully petitions this Court for removal of the above-entitled

action to the United States District Court for the District of Massachusetts, Civil Section, from the

Superior Court of the Commonwealth of Massachusetts in and for Norfolk County, and for his

Notice of Removal states as follows:

　　1.　　John Zizza is named as Third-Party Defendant by the Plaintiffs-in-Counterclaim,

　　　　Matthew McEvoy and Leah McEvoy, in a proposed Amended Counterclaim in a civil

　　　　action filed in the Superior Court of the Commonwealth of Massachusetts in and for

　　　　Norfolk County, entitled <u>Town of Wrentham v. Matthew McEvoy and Leah McEvoy</u>

　　　　<u>and Matthew McEvoy and Leah McEvoy v. Town of Wrentham and John Zizza,</u>

　　　　Civil Action No. 03-2018.

　　2.　　By service dated December 13, 2004, the Plaintiffs-in-Counterclaim, Matthew

　　　　McEvoy and Leah McEvoy, served Third-Party Defendant's counsel with the

proposed Amended Counterclaim naming Third-Party Defendant as an additional party. See Motion to Amend Counterclaim and accompanying proposed Amended Answer and Counterclaim (Attached hereto as Exhibit A).

3.    Under 28 U.S.C. § 1446(b) the time for removal "if the case stated by the initial pleading is not removable" is "within thirty days after receipt of by the defendant, through service or otherwise, of a copy of the amended pleading." See also Murphy Bros. v. Michetti Pipe Stringing, Inc., 526 U.S. 344 (1999).

4.    This is a suit of a wholly civil nature brought in a Massachusetts state court. The action is pending in Norfolk County, Massachusetts, and, accordingly, under 28 U.S.C. §§101 & 1441(a), the United States District Court for the District of Massachusetts is the proper forum for removal.

5.    This is an action in which the Defendants/Plaintiffs-in-Counterclaim allege, among other things, that Third-Party Defendant John Zizza, violated the Plaintiffs-in-Counterclaims' civil rights as actionable under 42 U.S.C. § 1983, specifying inter alia, a violation of the Fourth Amendment of the U.S. Constitution. See Exh. A ¶¶ 49; 56-58.

6.    Because this case involves federal constitutional issues and claims for relief under federal law, the District Court has original jurisdiction pursuant to 28 U.S.C. § 1331.

7.    The entire case may be removed because a separate and independent claim or cause of action within the jurisdiction of 28 U.S.C. § 1331 is joined with one or more otherwise non-removable claims or causes of action. See 28 U.S.C. § 1441(c).

8.    The Defendant-in-Counterclaim John Zizza is filing this Notice within thirty days of receipt, through service or otherwise, of the Amended Answer and Counterclaim

upon the Third-Party Defendant John Zizza, within thirty days of the date this case became removable, and within the time for filing this petition. See 28 U.S.C. § 1446.

9.      The Third-Party Defendant John Zizza will file a Notice of Filing of this Notice of Removal and a copy of this Notice of Removal with the Clerk of the Superior Court of Massachusetts, County of Norfolk.

10.     Pursuant to Local Rule 81.1(a), the petitioner shall request of the Clerk of the Superior Court of Massachusetts, County of Norfolk, certified or attested copies of all records and proceedings in the state court and certified or attested copies of all docket entries therein, and shall file the same with this Court within thirty days after the filing of this Notice of Removal.

11.     The Defendants-in-Counterclaim named in Defendants/Plaintiffs-in-Counterclaim's Complaint consent to this Notice of Removal.

WHEREFORE, petitioner, John Zizza, prays that the above action now pending in the Superior Court of the Commonwealth of Massachusetts in and for Norfolk County be removed from that Court to this United States District Court.

Respectfully submitted,
Third-Party Defendant,
JOHN ZIZZA,
By his attorneys,
**PIERCE, DAVIS & PERRITANO, LLP**

John J. Cloherty III/BBO# 566522
Ten Winthrop Square
Boston, MA 02110
(617) 350-0950

I hereby certify that a true copy of the above document was served upon (each party appearing pro se and) the attorney of record for each (other) party by mail (by hand) on _____.
_____

3

JS 44
Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| a) PLAINTIFFS/DEFENDANTS–IN–COUNTERCLAIM | DEFENDANTS/PLAINTIFFS–IN–COUNTERCLAIM |
|---|---|
| Town of Wrentham | Matthew McEvoy |
| THIRD–PARTY DEFNDANT | Leah McEvoy |
| John Zizza | |

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF **Norfolk**
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT **Norfolk**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

John J. Cloherty III, Esq.
Pierce, Davis & Perritano, LLP
10 Winthrop Square
Boston, MA 02110  (617) 350–0950

ATTORNEYS (IF KNOWN)

Daniel R. Seigenberg, Esq.
Law Office of Daniel R. Seigenberg
2 Commercial Street
Sharon, MA 02067  (781) 784–8800

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

☐ U.S. Government Plaintiff

☒ 3 Federal Question
(U.S. Government Not a Party)

☐ U.S. Government Defendant

☐ 4 Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒1 | ☒1 | Incorporated or Principal Place of Business In This State | ☐4 | ☐4 |
| Third-Pty. Deft. XX | | | | | |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business In Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☒ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS — Third Party 26 USC 7809 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Plaintiffs-in-Counterclaim allege violation of Fourteenth Amendment to U.S. Constitution as actionable under 42 U.S.C. § 1983.

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ YES  ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):

JUDGE _____   DOCKET NUMBER _____

DATE  1/07/05

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) Town of Wrentham v. Matthew McEvoy v. John Zizza

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

— I. 160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

XX II. 195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.    for patent, trademark or copyright cases

— III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
380, 385, 450, 891.

— IV. 220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
690, 810, 861-865, 870, 871, 875, 900.

— V. 150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES (SEE LOCAL RULE 40.1(E)).
N/A

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?    YES ☐    NO ☒

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC 2403)    YES ☐    NO ☒
IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?    YES ☐    NO ☐

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC 2284?    YES ☐    NO ☒

7. DO ALL PARTIES IN THIS ACTION RESIDE IN THE CENTRAL SECTION OF THE DISTRICT OF MASSACHUSETTS (WORCESTER COUNTY) - (SEE LOCAL RULE 40.1(C)).    YES ☐    NO ☒
OR IN THE WESTERN SECTION (BERKSHIRE, FRANKLIN, HAMPDEN OR HAMPSHIRE COUNTIES)? - (SEE LOCAL RULE 40.1(D)).    YES ☐    NO ☒

8. DO ALL OF THE PARTIES RESIDING IN MASSACHUSETTS RESIDE IN THE CENTRAL AND/OR WESTERN SECTIONS OF THE DISTRICT?    YES ☐    NO ☒
(a)    IF YES, IN WHICH SECTION DOES THE PLAINTIFF RESIDE?_____

9. IN WHICH SECTION DO THE ONLY PARTIES RESIDING IN MASSACHUSETTS RESIDE?_____

10. IF ANY OF THE PARTIES ARE THE UNITED STATES, COMMONWEALTH OF MASSACHUSETTS, OR ANY GOVERNMENTAL AGENCY OF THE U.S.A. OR THE COMMONWEALTH, DO ALL OTHER PARTIES RESIDE IN THE CENTRAL SECTION: YES ☐ NO ☐    OR WESTERN SECTION: YES ☐ NO ☐

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME    John J. Cloherty III, Esq.

ADDRESS Pierce, Davis & Perritano, LLP, 10 Winthrop Sq., Boston, MA 02110

TELEPHONE NO. (617) 350-0950

(Categfrm.rev - 3/97)

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, SS                    SUPERIOR COURT DEPARTMENT
                              CIVIL ACTION NO. 03-2018

TOWN OF WRENTHAM,             *
         Plaintiff            *
                              *
v.                            *
                              *
MATTHEW and LEAH McEVOY,      *
         Defendants

## MOTION OF DEFENDANTS/PLAINTIFFS-IN-COUNTERCLAIM, MATTHEW McEVOY AND LEAH McEVOY TO AMEND THEIR ANWSER TO ADD AN ADDITIONAL AN COUNTERCLAIM and ADD JOHN ZIZZA AS AN ADDITIONAL PARTY

The Defendants/Plaintiffs-in-Counterclaim, Matthew McEvoy and Leah McEvoy (hereinafter the "McEvoys"), move this Honorable Court pursuant to Rules 15 and 20 of the Massachusetts Rules of Civil Procedure for leave to file an amended answer to assert additional counterclaims in the above-captioned matter and to add John Zizza as an additional party as a defendant-in-counterclaim. A copy of the proposed Amended Answer and Counterclaim is attached hereto and marked "Exhibit A."

In support of this Motion, the McEvoys state that through the discovery in this matter they learned of additional facts that support Counts VI -IX of their proposed counterclaims that their civil rights have been violated.

In support of this Motion, the McEvoys rely on the Memorandum filed herewith.

LAW OFFICE OF
DANIEL R. SEIGENBERG

___December 13, 2004___
Dated:

Daniel R. Seigenberg, Esquire
2 Commercial Street
Sharon, Massachusetts 020671
(781) 784-8800
BBO # 451100

1

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, SS                          SUPERIOR COURT DEPARTMENT
                                     CIVIL ACTION NO. 03-2018

TOWN OF WRENTHAM,                    *
        Plaintiff                    *
                                     *
                                     *
v.                                   *
                                     *
MATTHEW and LEAH McEVOY,             *
        Defendants

### MEMORANDUM IN SUPPORT OF MOTION OF DEFENDANTS/PLAINTIFFS-IN-COUNTERCLAIM, MATTHEW McEVOY AND LEAH McEVOY TO AMEND THEIR ANSWER TO ADD ADDITIONAL COUNTS and TO ADD JOHN ZIZZA AS AN ADDITIONAL PARTY

I.    Statement of Proceedings:

The Town of Wrentham (hereinafter the "Town") filed an initial complaint

against Defendants, Matthew McEvoy and Leah McEvoy (hereinafter referred to as

"McEvoys"). In said action the Town sought to enjoin the McEvoys from obstructing or

interfering with the use of an easement granted by the McEvoys to the Town for the

purpose of installing a water main from Eastside Road in Wrentham, Massachusetts

under the McEvoys' property and under a section of Lake Pearl, known as Desert Brook

Inlet to a new well site located on the opposite shore. The Town also sought declaratory

relief under G.L. c. 231A, Section 1 establishing its right to use the easement. The Town

requested the Court to issue a preliminary injunction against the McEvoys to enjoin them

from obstructing or interfering with said easement for the purpose of allowing the

construction and installation of a public water main across the McEvoys' property. The

McEvoys also filed a request for preliminary injunction seeking an order to prevent the

Town and its agents from continuing with the construction of the public water main

across the McEvoys' property. By Order dated November 10, 2003, the Court denied the

McEvoys' Motion for Preliminary Injunction and allowed the Town's Motion ordering

1

the McEvoys and their agents not to interfere with the Town's use of the construction

until that easement expires at 12:01 a.m. on January 1, 2004.

The McEvoys then filed an Answer and Counterclaim against the Town. Said counterclaim contained four counts, Count I, Trespass, Count II, Negligent Misrepresentation, Count III, Negligence, declaratory relief.

In the first three Counts, the McEvoys sought monetary damages against the Town based on the Town's actions involving said easement. Count I alleges that the Town of Wrentham, its agents, servants, or employees, without lawful authority in breach of the terms of the utility and construction easement entered upon the real estate of the McEvoys and committed a trespass. Count II alleges that the Town of Wrentham negligently misrepresented to the McEvoys the nature, scope, and duration of the construction project relative to the installation of the water main and caused the McEvoys to enter into the utility and construction easement. Count III alleges that the Town of Wrentham its agents, servants, or employees were negligent relative to the performance of the construction project which was the subject matter of the easements.

During the discovery process, particularly, at the deposition of James Merriam, the former Town Administrative of the Town of Wrentham, it was revealed that John Zizza, a member of the Board of Selectman, told James Merriam to request the Town of Wrentham Assessor to inspect the McEvoys' property relative to valuation. Said discovery substantiated the information obtained by the McEvoys that on or about October 27, 2002 and on June 30, 2003, Lisa McDonald, the Town of Wrentham Assessor, entered the McEvoys' property without notice and without permission of the McEvoys and conducted an inspection of their property. On the first occasion, the McEvoys' property value was increased by approximately $60,000.00 and on the second occasion, the McEvoys' property was caused to be increased by approximately

$90,000.00.Deposition testimony also revealed the unprecedented nature of such a

request from a selectman and the conducting of two inspections and reevaluations within

an approximate eight month period.It is the McEvoys' belief that said inspections were

directly related to the compensation the McEvoys initially received for the easement and

based on the McEvoys subsequent request for additional compensation. Based on said

discovery the McEvoys now seek to amend their complaint to add counts alleging

violation of their civil rights under 42 U.S.C.A., Section 1983 and the Massachusetts

Civil Rights Act, and to add John Zizza as a defendant-in-counterclaim.

II.     Statement of Facts:

        In 2002, the McEvoys were contacted by James Merriam, then Town

Administrator for the Town of Wrentham, relative to granting the Town an easement in

order for the Town to lay a pipe for an extension of a new water main. On or about

October 23, 2002 the McEvoys executed an Utility and Construction Easement granting

to the Town of Wrentham a utility easement under a portion of the their property and also

a temporary construction easement relative to the construction and installation of said

water main.

        Prior to executing the Utility and Construction Easement, the McEvoys had

discussions with James Merriam and Mr. Merriam advised them that the construction

work on their property would only take a few weeks and would be completed before

Memorial Day 2003. The McEvoys' property is adjacent to Lake Pearl in the Town of

Wrentham and the McEvoys and their four sons particularly utilize the lakefront in the

summer for numerous water activities and also their property for various family

activities. It was particularly important for the McEvoys that the construction project

planned by the Town be completed before Memorial Day weekend. Based on the

representations of Mr. Merriam, the McEvoys executed the easement. James Merriam, in

his deposition, has agreed that he in fact advised the McEvoys that the construction work would only take approximately two weeks and would be completed before the Memorial Day weekend.

It also is undisputed and has been established through discovery that the construction work begun in the spring of 2003 and continued throughout much of the summer. During the construction process the companies hired by the Town had significant difficulties relative to construction project, particularly, the laying of the pipe from the new well on Lake Pearl to the water main which crossed the McEvoys' property. During the construction process, massive quantities of bentinite clay caused to be disgorged into Lake Pearl. As a result, in September of 2003 the Town sought approval of a plan for remediation of the bentinite clay from the lake and to correct the improper installation of the water pipe line. In the fall of 2003 said work commenced, which included utilization of the McEvoys property and continuing disruption to the McEvoys.

As previously indicated, on October 23, 2002 the McEvoys signed the easement with the Town of Wrentham. Certain representatives of the Town of Wrentham, including Selectman John Zizza, were upset as to the amount of compensation paid to the McEvoys for the easement. As previously indicated, on October 27, 2002, a mere four days after the easement was executed, Lisa McDonald, the Town of Wrentham Assessor, entered the McEvoys' property and conducted an inspection of their property. The result of said inspection was that the McEvoys' property increased by $60,000.00 with the resulting increase of their tax bill. The second inspection of the McEvoys' property occurred on June 20, 2003, when Lisa McDonald once again returned to the McEvoys' property without notice and without authority. This inspection was during the period of time that the McEvoys had expressed their displeasure as to the disruption caused by the

4

construction project and had recently discussed with James Merriam a request for

additional compensation based on said disruption: with said request being communicated

to the Board of Selectmen. The inspection performed on June 30, 2003 resulted in the

McEvoys property value being increased by $90,000.00 with another significant increase

in their tax bill. It is the position of the McEvoys that said inspections which were

unprecedented in nature in the Town of Wrentham were in retaliation against the

McEvoys for positions taken relative to the easement and the amount of compensation

sought.

The issues relative to the alleged civil rights violations arise out of and are

directly related to the issues involving the easement, which is the subject matter of the

Town of Wrentham's Complaint and the Counterclaims previously asserted by the

McEvoys.

III.    Argument

Pursuant to Rule 15 of the Mass. R. Civ. P. leave to amend pleadings shall be

freely given when justice so requires. The proposed civil rights counts to be raised

against the Town of Wrentham arise out of and are related to the utility and construction

easement, which are the subject matter of the original counterclaim. It was only through

investigation conducted after the filing of the Answer and Counterclaim and also through

the discovery process did the McEvoys learn of the timing and circumstances of the

inspections and reassessments of their property.

Rule 20 of the Mass. R. Civ. P. provides for the permissive joineder of parties.

Rule 20 provides:

> "All persons may be joined in one action as defendants if there is
>
> asserted against, jointly, severally, or in the alternative, any right
>
> to relief in respect of or arising out of the same transaction,

occurrence, or series of transactions or occurrences and, if any,

question of law, or fact, common to all defendants will arise in

the action."

The asserted claims against John Zizza, arises out of the same transactions or

occurrences, which are the subject matter of the alleged civil rights violations committed

by the Town of Wrentham. The law and facts applicable to the McEvoys' civil rights

claims against the Town of Wrentham are common to the claims asserted against John

Zizza.

The mandate and purpose of Rule 15 and Rule 20 is to allow liberal amendments

of pleadings. It is appropriate and proper for this Court to allow the Motion to add John

Zizza as a new party. See, <u>Christopher v. Duffy</u>, 28 Mass. App. Ct. 780 (1990).

## IV.   Conclusion

For the reasons hereinabove stated it is respectfully requested that the  Motion of

Defendants/Plaintiffs-in-Counterclaim, Matthew McEvoy and Leah McEvoy to Amend

Their Answer to Add Additional Counts and to Add John Zizza as an Additional Party

should be allowed.

Respectfully submitted,
MATTHEW McEVOY AND
LEAH McEVOY, Defendant-in-Counterclaim
By their attorney,

LAW OFFICE OF
DANIEL R. SEIGENBERG

_____December 13, 2004_____
Dated:

Daniel R. Seigenberg, Esquire
2 Commercial Street
Sharon, Massachusetts 020671
(781) 784-8800
BBO # 451100

6

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, SS
SUPERIOR COURT DEPARTMENT
CIVIL ACTION NO. 03-2018

| | |
|---|---|
| TOWN OF WRENTHAM,<br>        Plaintiff | * |
| | * |
| | * |
| v. | * |
| | * |
| MATTHEW McEVOY and LEAH<br>McEVOY,<br>        Defendants | * |
| | * |
| | * |
| | * |
| and | * |
| | * |
| MATTHEW McEVOY and LEAH<br>McEVOY,<br>        Plaintiffs-in-Counterclaim | * |
| | * |
| | * |
| | * |
| v. | * |
| | * |
| TOWN OF WRENTHAM and JOHN<br>ZIZZA,<br>        Defendants-in-Counterclaim | * |
| | * |
| | * |

## AMENDED ANSWER OF DEFENDANTS, MATTHEW McEVOY AND LEAH McEVOY TO VERIFIED COMPLAINT AND COUNTERCLAIM

The Defendants, Matthew McEvoy and Leah McEvoy (hereinafter referred to as

the McEvoys) respond to the Verified Complaint as follows:

### PARTIES

1.    Admitted.

2.    Admitted.

### FACTS

3.    Defendants are without information or knowledge sufficient to form a
       belief as to the truth of the allegations contained in Paragraph 3 of the
       Complaint.

1

4.    Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint.

5.    Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint.

6.    Defendants admit that the Wrentham Board of Selectmen offered the sum of Twenty-One Thousand Five Hundred ($21,500.00) Dollars to the Defendants, Matthew and Leah McEvoy for two easements between Eastside Road and Desert Brook Inlet of Lake Pearl, that there was a permanent easement for the construction, installation, maintenance, repair and replacement of subsurface water mains and a second temporary construction easement expiring on January 1, 2004. Defendant denies the remaining allegations contained in Paragraph 6 of the Complaint.

7.    Defendants deny the characterization of the easements but admit the remaining allegations contained in Paragraph 7 of the Complaint.

8.    Admitted.

9.    Admitted.

10.   Defendants admit that the drilling process required several attempts but they are without information or knowledge sufficient to form a belief as to the precise dates of said drilling. Defendants deny that the fourth and final attempt was completed on or about July 3, 2003. Defendants deny the remaining allegations contained in Paragraph 10 of the Complaint.

11.   Defendants admit that during the direct drilling process Betinit clay escaped into the lake but deny the remaining allegations contained in Paragraph 11 of the Complaint.

12.   Defendants admit that on or about July 3, 2003, the McEvoys made an offer of settlement to the Town of Wrentham in the amount of Fifty Thousand ($50,000.00) Dollars and that a true copy of the McEvoy correspondence is attached to the Complaint as Exhibit "D." Defendants deny the remaining allegations contained in Paragraph 12 of the Complaint and further state that as to the contents of their letter, the letter speaks for itself.

13.   Defendants deny that it was on or about July 7, 2003 after the July 4th Holiday weekend but admit the remaining allegations contained in Paragraph 13 of the Complaint and further state that is was Matthew

McEvoy who made the initial observation that the top of the pipe was visible and did not comply with the specifications and so advised the Town.

14. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint.

15. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint.

16. Defendants admit that on or about September 30, 2003 they sent to the Town, through their counsel, correspondence marked Exhibit "F" to the Complaint and that the correspondence dated October 7, 2003 also marked as Exhibit "F" to the Complaint is the Town's response. Defendants deny the remaining allegations contained in Paragraph 16 of the Complaint and further state that the terms of said correspondence speak for themselves.

17. Denies.

## COUNT I

## TRESPASS/BREACH OF CONTRACT FOR EASEMENT

18. Defendants restate their answers to Paragraphs 1 through 17 of the Complaint as if set forth herein.

19. Denied.

20. Denied.

21. Denied.

## COUNT II

## DECLARATORY AND INJUNCTIVE RELIEF

22. Defendants restate their answers to Paragraphs 1 through 21 of the Complaint as if set forth herein.

23. Admitted.

24. Denied.

25. Denied.

26. Denied.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## COUNTERCLAIM

1.   Defendants/Plaintiffs-in-Counterclaim, Matthew and Leah McEvoy are
     individuals residing at 815 Eastside Road, Wrentham, Norfolk County,
     Massachusetts.

2.   The Plaintiff/Defendant-in-Counterclaim, Town of Wrentham, is a
     municipal corporation with its offices at 100 Stonewall Blvd., Wrentham,
     Norfolk County, Massachusetts.

3.   Defendant-in-counterclaim, John Zizza, is an individual who resides in
     Wrentham, Norfolk County, Massachusetts.

4.   The McEvoys at all times material thereto, have been and are the owners
     of the property known as 815 Eastside Road, Wrentham, Massachusetts.

5.   In 2002 the McEvoys were contacted by James Merriam, the Town
     Administrator for the Town of Wrentham, relative to granting the Town an
     easement in order for them to lay a pipe for an extension of a new water
     main for the Town.

6.   On or about October 23, 2003, the McEvoys executed a Utility and
     Construction Easement granting to the Town of Wrentham a utility
     easement under a portion of their property and also a temporary
     construction easement relative to the construction and installation of said
     water main.  A copy of said Utility and Construction Easement is attached
     to Plaintiff's Complaint and marked Exhibit "B."

7.   Prior to executing the Utility and Construction Easement, James Merriam,
     acting in behalf of the Town of Wrentham, represented to the McEvoys
     that the construction work on their property would only take a few weeks
     and would be completed before Memorial Day 2003.

8.   James Merriam also represented that the construction work would only
     take approximately two weeks with minor disruptions and possibly one or
     two days with major disruptions.

4

9.  The construction work began in the spring of 2003 and continued throughout much of the summer. On average, construction work began at 7:00 a.m. daily and ended most evenings at 7:00 p.m. Work crews worked six out of seven days of the week.

10. The disruption to the McEvoys and their family was quite significant.

11. As a result of the construction project, approximately twenty large and mature trees had to be removed from the McEvoys property. In addition a number of sinkholes and underground cave-ins have occurred and other damage has occurred to the McEvoys' property.

12. During the construction, the Town's contractor set up on the Town's new well site on the left side of Desert Brook Inlet and on the McEvoys' property and on the opposite shore for the direct drilling process relative to the installation of the new water main. The drilling process had numerous unsuccessful attempts. As a result of the drilling process a large amount of bentinite clay was caused to be deposited into Lake Pearl and the immediate vicinity of the McEvoys' Property.

13. The water main pipe constructed by the Town of Wrentham and its contractors is not located within the easement area granted by the McEvoys but is located outside the easement area and on the McEvoys' property.

14. The deposit of large quantities of bentinite clay into the lake was not an expected or normal result of the drilling process.

15. In September 2003, the Town of Wrentham obtained approval from the Army Corp of Engineers for a work plan for remediation of the bentinite clay from the lake and to correct the improper installation of the water main.

16. Under the terms of said plan, pipes were placed onto the McEvoys' property with pipes located in the general vicinity of their driveway. Neither the Board of Selectmen nor the Town Administrator advised the McEvoys of their plan to utilize their property relative to the clean up.

17. The Town of Wrentham, its agents, servants, or employees have performed said work.

18. The remediation and removal of the bentinite clay from Lake Pearl and the utilization of the McEvoys' property relative thereto was not within the scope of the Utility and Construction Easement.

19.   Based on the construction project, approximately 20 large and mature trees were caused to be removed from the McEvoys' property. These trees had acted as a buffer between the McEvoys' property and their neighbor's property. In addition, as a result of the construction project, a number of sinkholes and underground cave-ins have occurred on the McEvoys' property.

## COUNT I

### TRESPASS

20.   The McEvoys reallege the allegations contained in Paragraphs 1 through 18 of the Counterclaim as if set forth herein.

21.   The Town of Wrentham, its agents, servants, and employees, without lawful authority and in breach of the terms of the Utility and Construction Easement, have entered upon the real estate of the McEvoys and committed a trespass thereon.

## COUNT II

### NEGLIGENT MISREPRSENTATIONS

22.   The McEvoys reallege the allegations contained in Paragraphs 1 through 21 of the Counterclaim as of set forth herein.

23.   The Town of Wrentham negligently misrepresented to the McEvoys the nature, scope, and duration of the construction project relative to the installation of the water main.

24.   Said representations made by the Town of Wrentham to the McEvoys were false.

25.   The construction work relative to the project began in the spring of 2003 and continued throughout much of the summer. On average construction began at 7:00 a.m. daily and ended most evenings at 7:00 p.m. Work crews worked approximately six of the seven days of the week.

26.   In contrast to the minor disruptions as represented by the Town of Wrentham, the construction project had significant and still has significant impact on the McEvoys, including the cancellation of many family and social functions. The Town of Wrentham and its contractors installed a 20" pipe running directly through the McEvoys swimming area and said pipe eliminated access to their boat dock. Another recreational dock on the McEvoys' property became a staging area engulfed by hundreds of sandbags.

27.    Based on the construction work there was a stench of rotten hay bales, stagnant water, and an unusual amount of dead fish in the lake, which made the air quality around the McEvoys' house intolerable for the family.

28.    Access to the McEvoys' property has been and will be significantly disrupted.

29.    Based on and reliance on the misrepresentations of the Town of Wrentham, the McEvoys entered into the Utility and Construction Easement.

30.    The McEvoys relied on the misrepresentations to their detriment.

31.    As a result of the negligent misrepresentations, the McEvoys have suffered damages.

## COUNT III

### NEGLIGENCE

32.    The McEvoys reallege the allegations contained in Paragraphs 1 through 31 of the Counterclaim as if set forth herein.

33.    The Town of Wrentham, its agents, servants, or employees were negligent relative to the performance of the construction project.

34.    As a result of the negligence of the Town of Wrentham, its agents, servants, or employees the McEvoys have been damaged.

## COUNT IV

### DECLARATORY RELIEF

35.    The McEvoys reallege the allegations contained in Paragraphs 1 through 34 of the Counterclaim as if set forth herein.

36.    There is an actual controversy between the Town of Wrentham and the McEvoys regarding the scope of the Utility and Construction Easement and the location of the water main, and the proposed clean up and utilization of the McEvoys' property.

## COUNT V

### TAKINGOF PROPERTY

37. The McEvoys reallege the allegations contained in Paragraphs1 through 36 of the Counterclaim as if set forth herein.

38. The actions of the Town of Wrentham constitute a taking of property and/or inverse condemnation under G.L. c. 79.

39. As a result of said taking and/or inverse condemnation the McEvoys have suffered damage.

## COUNT VI

### VIOLATION OF 42 U.S.C.A. SECTION 1983
(Town of Wrentham)

40. The McEvoys reallege the allegations contained in Paragraphs 1 through 39 of the Counterclaim as if set forth herein.

41. Prior to the McEvoys executing the utility and construction easement on or about October 23, 2002, certain representatives of the Town of Wrentham expressed their disagreement as to the amount of compensation to be granted to the McEvoys for the execution of the utility and construction easement.

42. On October 27, 2002, four days after the utility and construction easement was executed, Lisa McDonald, the Town of Wrentham Assessor, without the permission of the McEvoys and without advance notice to the McEvoys and without right, entered the McEvoys' property and conducted an inspection of the McEvoys' property.

43. Based on said inspection, the Town of Wrentham increased the assessment of the McEvoys' property by approximately $60,000.00 resulting in a significant increase in the McEvoys' real estate tax bill.

44. Upon information and belief, this assessment was undertaken based on the specific direction of Town of Wrentham Selectman, John Ziza.

45. On or about June 27, 2003, Matthew McEvoy and James Merriam, then Town Administrator for the Town of Wrentham, met at the McEvoys' property and there was a discussion relative to the McEvoys request for additional compensation based on the duration and extent of the

construction work being performed on the McEvoys' property and the resulting significant disruption to the McEvoys. Mr. McEvoy advised Mr. Merriam that he was seeking additional compensation from the Town of Wrentham.

46. Upon information and belief James Merriam advised the Board of Selectmen of the McEvoys' request for additional compensation.

47. On or about June 30, 2003, Lisa McDonald, once again at the direction of John Zizza, returned to the McEvoys' property without notice and without permission of the McEvoys and made an illegal inspection of the McEvoys' property.

48. Based on Lisa McDonald's inspection of the property the assessed value of the McEvoys' property was increased by approximately $90,000.00 with the resulting significant increase in the real estate taxes to be paid by the McEvoys.

49. Said inspections of the McEvoys' property were a violation of law and constitute illegal searches and seizures of the McEvoys' property in violation of the Fourth Amendment of the United States Constitution and Article 14 of the Massachusetts Declaration of Rights. Said inspections and reevaluations of the McEvoys' property were in retaliation for the McEvoys' initial attempt to seek compensation for the grant of the utility and construction easement and thereafter based on the McEvoys' request for additional compensation from the Town of Wrentham based on the construction work that was performed in the Spring and Summer of 2003.

50. The actions of the Town of Wrentham, its agents, servants, or employees, constitute a violation of the McEvoys' civil rights and a violation of 42 U.S.C.A., Section 1983.

51. As a result of said violations the McEvoys have been injured.

## COUNT VII

## VIOLATION OF MASSACHUSETTS CIVIL RIGHTS ACT
(Town of Wrentham)

52. The McEvoys reallege the allegations contained in Paragraphs 1 through 51 of the Counterclaim as if set forth herein.

53. The McEvoys' exercise and enjoyment of rights secured by the Constitution the United States and/or the Commonwealth, have been interfered with or attempted to be interfered with by the actions of the Town of Wrentham, its agents, servants, or employees.

54. Said interference or attempted interference was by threats, intimidation, or coercion.

55.    As a result of said violation the McEvoys have been injured.

## COUNT VIII

### VIOLATION OF 42, U.S.C.A., SECTION 1983

(John Zizza)

56.    The McEvoys reallege the allegations contained in Paragraphs 1 through 55 of the Counterclaim as if set forth herein.

57.    The actions of John Zizza constitute a violation of the McEvoys' civil rights and a violation of 42 U.S.C.A., Section 1983.

58.    As a result of said violations the McEvoys have been injured.

## COUNT IX

### VIOLATION OF MASSACHUSETTS CIVIL RIGHTS ACT
(John Zizza)

59.    The McEvoys reallege the allegations contained in Paragraphs 1 through 55 of the Counterclaim as if set forth herein.

60.    The McEvoys exercise and enjoyment of rights secured by the Constitution of the United States and/or the Commonwealth have been interfered with or attempted to be interfered with by the actions of John Zizza.

61.    Said interference or attempted interference was by threats, intimidation, or coercion.

62.    As a result of said violations, the McEvoys have been injured.


WHEREFORE, the Defendants/Plaintiffs-in-Counterclaim, Matthew McEvoy and

Leah McEvoy, respectfully request that this Court:

1.    Enter judgment in favor of the McEvoys against the Town of Wrentham and that monetary damages be awarded to the McEvoys, on Counts I-VII of the Counterclaim.

2.    Enter judgment in favor of the McEcoys against John Zizza and that monetary damages be awarded to the McEvoys on Counts VIIII and IX.

3.    Award to the McEvoys interest and costs of this action.

4.  Declare that the Town of Wrentham has exceeded the scope of its easement rights and, particularly that the remediation of the betinite clay and activities related thereto are not within the scope of the Town of Wrentham's construction easement.

5.  Award the McEvoys their reasonable attorney's fees.

6.  Award such other relief as this Court deems, just and proper.

Respectfully Submitted,
MATTHEW McEVOY and
LEAH McEVOY,
Defendants/Plaintiffs-in-Counterclaim
By Their Attorney

LAW OFFICE OF
DANIEL R. SEIGENBERG

__December 13, 2004__
Dated:

Daniel R. Seigenberg, Esquire
128 School Street
Walpole, MA 02081
(508) 668-9800
BBO # 451100

DEFENDANTS/PLAINTIFFS-IN-COUNTERCLAIM DEMAND TRIAL BY
JURY ON ALL ISSUES.

11